J-S23037-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                               :              PENNSYLVANIA
                               :
          v.                   :
                               :
                               :
                               :
ROBERT RASHAAN-DE HARRIS, JR.   :
                               :
          Appellant            :   No. 2240 EDA 2023

Appeal from the Judgment of Sentence Entered August 16, 2023
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0003193-2022

BEFORE:   STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                 **FILED DECEMBER 20, 2024**

Appellant, Robert Rashaan-De Harris, Jr., appeals from the judgment of

sentence imposed by the Court of Common Pleas of Bucks County following

his stipulated bench trial convictions for driving under the influence of a

controlled substance (DUI controlled substance) – second offense in violation

of Sections 3802(d)(1)(i), (1)(iii) and (2) of the Vehicle Code, possession of a

small amount of marijuana, possession of drug paraphernalia, and the

summary offenses of careless driving, disregarding traffic lanes, and

speeding.[1]  For the reasons set forth below, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(d)(1)(i), (1)(iii), (2), 35 P.S. § 780-113(a)(31), 35 P.S.
§ 780-113(a)(32), 75 Pa.C.S. § 3714(a), 75 Pa.C.S. § 3309, and 75 Pa.C.S.
§ 3362(a)(3), respectively.

The facts out of which this case arises, as found by the trial court, are as follows:

> On March 12, 2022, at approximately 11:12 p.m., [Appellant] was stopped by Trooper Kevin Jiras of the Pennsylvania State Police on State Route 309 in Hilltown Township, Bucks County. Trooper Jiras observed [Appellant] speed through a work-zone, traveling seventy-four (74) miles-per-hour in a forty (40) mile-per-hour zone. He noted that [Appellant's] vehicle was driving in the middle of the roadway, tires in both lanes, and crossed the center line numerous times. Once Trooper Jiras initiated a traffic stop of the vehicle, he observed a metal grinder and marijuana in his backseat and confirmed that [Appellant] had no medical marijuana card. [Appellant] stated that he had smoked marijuana in the past twenty-four (24) hours and Trooper Jiras observed that [Appellant] was nervous when asked about his last marijuana use, and that he had bloodshot eyes. Upon conducting field sobriety tests, Trooper Jiras determined that the defendant was under the influence of a controlled substance to a degree that rendered him incapable of safe operation of a motor vehicle.
>
> Trooper Jiras read [Appellant] the [DL-26] form in the vehicle, and [Appellant] voluntarily agreed to provide a blood sample. At the hospital, two vials of blood were collected from [Appellant] and sent to NMS Labs. NMS Labs confirmed that, at the time of the offense, [Appellant] had marijuana in his bloodstream.

Trial Court Opinion at 1-2 (citations, quotation marks, and ellipses omitted).

Appellant was subsequently charged with the above offenses. On January 10, 2023, Appellant filed a motion to suppress the blood test results challenging the constitutionality of Sections 1547 and 3755 of the Vehicle Code, 75 Pa.C.S. §§ 1547, 3755. The trial court held a hearing on Appellant's motion to suppress on April 26, 2023, and denied the motion to suppress on May 19, 2023. At a stipulated bench trial on July 13, 2023, the trial court found appellant guilty of all charges. On August 16, 2023, the trial court

sentenced Appellant to 90 days to 23 months' incarceration for his DUI controlled substance - second offense conviction under Section 3802(d)(1)(i) of the Vehicle Code and imposed no further penalty for the other seven offenses. Sentencing Order. This timely appeal followed.

Appellant raises one issue in this appeal, whether the trial court erred in denying his motion to suppress the blood test results. Our standard of review of this issue is well established:

> Appellate review of a suppression decision is limited to the suppression record, considering the evidence presented by the Commonwealth as the prevailing party and any uncontradicted evidence presented by the defense. This Court is bound by the facts as found by the suppression court so long as they are supported by the record, but our review of its legal conclusions is de novo.

***Commonwealth v. Valdivia***, 195 A.3d 855, 861 (Pa. 2018) (citations omitted).

Appellant argues as the sole basis for his claim of error that the blood test violated his rights under the Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution because no warrant was obtained for the blood test and Sections 1547 and 3755 of the Vehicle Code, which authorize warrantless blood tests by implied consent, are unconstitutional. That argument is without merit.

The taking of a blood sample at the direction of a police officer is a search subject to the Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution and is constitutionally

impermissible unless a warrant is obtained or an exception to the warrant requirement applies. *Birchfield v. North Dakota*, 579 U.S. 438, 455-56, 463-64, 474-76 (2016); *Commonwealth v. Bell*, 211 A.3d 761, 769-70, 773 (Pa. 2019); *Commonwealth v. Johnson*, 188 A.3d 486, 489 (Pa. Super. 2018). No warrant was obtained to take and test a sample of Appellant's blood. This, however, does not require suppression of the blood test results if an exception to the warrant requirement applies to the search.

Voluntary consent to a search is an exception that makes a warrantless search constitutional. *Valdivia*, 195 A.3d at 861-62; *Johnson*, 188 A.3d at 489; *Commonwealth v. Smith*, 177 A.3d 915, 920 (Pa. Super. 2017). Here, the trial court found that Appellant affirmatively consented to the blood draw and test during the traffic stop and that his consent was voluntary. Trial Court Opinion at 2, 7-9; Trial Court Order, 5/19/23, at 2 n.1. Those findings are supported by the record from the suppression hearing, as the stipulated testimony of the state trooper established that after Appellant performed field sobriety tests, the trooper read Appellant the current DL-26 blood test form and Appellant agreed to the blood test. N.T., 4/26/23, at 2, 4-7. The DL-26 form read to Appellant properly advised him of his right to refuse chemical testing, and consent given by a conscious individual following the reading of that form is voluntary absent additional facts that negate voluntariness. *Commonwealth v. Venable*, 200 A.3d 490, 496-98 (Pa. Super. 2018); *Johnson*, 188 A.3d at 490-91; *Commonwealth v. Robertson*, 186 A.3d

440, 447-48 (Pa. Super. 2018). Appellant does not contend that there were any circumstances concerning his physical or mental condition or the trooper's or his behavior at the time that he consented that could make his consent involuntary, and the evidence at the suppression hearing did not suggest any lack of competence or coercion.

Indeed, Appellant admits that he affirmatively consented to the blood test, Appellant's Brief at 5, and makes no argument that the trial court erred in finding that this consent was voluntary. Rather, he contends that suppression is required because this Court ruled in ***Commonwealth v. Jones-Williams***, 237 A.3d 528 (Pa. Super. 2020), ***aff'd in part, vacated in part***, 279 A.3d 508 (Pa. 2022), that Sections 1547 and 3755 of the Vehicle Code are unconstitutional. That argument fails because ***Jones-Williams*** is completely inapplicable here.[2] In ***Jones-Williams***, the defendant was fading in and out of consciousness at the time that the police sought a blood test, the police did not ask him for his consent, and he did not give any actual

_____

[2] We note that the constitutional ruling in ***Jones-Williams*** is not binding precedent, as our Supreme Court vacated that ruling in its decision affirming in part our Court's decision in that case. 279 A.3d at 520-21. The Supreme Court, however, did not reach the merits of this Court's constitutional ruling and vacated it solely on the ground that the Commonwealth had not satisfied the requirements for obtaining blood test results under these statutes and that the constitutional issue should therefore not have been reached. ***Id.*** at 519-21. This Court could thus follow our Court's ***Jones-Williams*** constitutional ruling as persuasive authority if it were necessary to reach that constitutional issue. We need not and do not reach that constitutional issue in light of our conclusion that ***Jones-Williams*** is inapplicable to this case.

consent to the testing of his blood. 237 A.3d at 531-32. The ***Jones-Williams*** Court held that where no actual consent is given, implied consent under Sections 1547 and 3755 cannot constitutionally provide an independent exception to the warrant requirement, specifically noting that "statutorily implied consent cannot take the place of voluntary consent." ***Id.*** at 537, 542-43 (quoting ***Commonwealth v. Myers***, 164 A.3d 1162 (Pa. 2017)). ***Jones-Williams*** neither narrows the voluntary consent exception to the warrant requirement nor suggests that voluntary consent by a driver who has been read a DL-26 form correctly advising him of his right to refuse chemical testing is insufficient to permit a warrantless blood draw.

Here, in contrast, the trial court did not deny Appellant's motion to suppress based on implied consent of an unconscious defendant. To the contrary, it found that Appellant, who was not unconscious or unresponsive, voluntarily consented to the blood test. Because Appellant's blood test was constitutional as a result of his actual, voluntary consent to the test, nothing in ***Jones-Williams*** invalidates that consent or permits suppression of the blood test results.

For the foregoing reasons, Appellant sole issue in this appeal does not merit relief. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/20/2024